

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00532-CV

_____

IN RE CLUB CAR, LLC, JASON MILLER, CHARLES MILLER, AND MARIA MILLER, Relators

Original Proceeding
481st District Court of Denton County, Texas
Trial Court No. 22-6391-481

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Relators filed this petition for writ of mandamus to compel the trial court (1) to vacate both its July 17, 2025 order denying their motion to compel a medical examination under Rule 204.1 of the Texas Rules of Civil Procedure and its September 19, 2025 order denying their motion to reconsider and (2) to direct the trial court to sign an order requiring real-party-in-interest to submit to medical examinations. We conditionally grant relief.

## I. BACKGROUND

After a golf cart accident, Real Party in Interest Alexa Vincent allegedly suffered fractures to her legs, burns, neck injuries, and a traumatic brain injury. Among other defendants, Vincent sued Relators Jason Miller (the driver of the golf cart), Charles and Maria Miller (the owners of the golf cart), and Club Car, LLC (the manufacturer of the golf cart) (collectively Club Car).

In February 2025, Vincent served on Club Car her medical expert's report in which she sought over $2,000,000 in damages.

Club Car wanted an opportunity to conduct its own independent medical examination and in June 2025 filed a "Joint Motion to Compel Independent Medical Examination of Plaintiff Alexa Vincent." The trial court denied Club Car's motion without explanation on July 17, 2025.

Club Car then filed a motion to reconsider on August 18, 2025. And on September 19, 2025, again without explanation, the trial court denied Club Car's motion.

## II. STANDARD OF REVIEW

A party is entitled to mandamus relief if the trial court clearly abused its discretion and the party lacks an adequate remedy at law, such as an appeal. *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (orig. proceeding); *In re Chefs' Produce of Houston, Inc.*, 667 S.W.3d 297, 300 (Tex. 2023) (orig. proceeding). When a trial court fails to analyze or apply the law correctly, it clearly abuses its discretion. *Sherwin-Williams Co.*, 668 S.W.3d at 370.

## III. LEGAL PRINCIPLES

A trial court may compel an examination "only for good cause shown" when the mental or physical condition of a party is in controversy. Tex. R. Civ. P. 204.1(c)(1). The rule's good-cause requirement balances the movant's right to a fair trial and the other party's right to privacy. *Sherwin-Williams Co.*, 668 S.W.3d at 370–71. The movant establishes good cause by showing that (1) the examination is relevant to the issue in controversy and is likely to lead to relevant evidence, (2) there is a reasonable nexus between the examination and the condition in controversy, and (3) the desired information cannot be obtained by less intrusive means. *Id.* at 371.

3

## IV. DISCUSSION

Club Car maintains that it met all three requirements. Vincent contends the contrary. We agree with Club Car.

### A. THE EXAMINATION IS RELEVANT TO THE ISSUE IN CONTROVERSY AND IS LIKELY TO LEAD TO RELEVANT EVIDENCE.

Vincent sued Club Car and sought compensation for her injuries. Vincent's medical expert's report identified her alleged injuries.

Vincent's alleged injuries are the crux of the controversy. Having Club Car's doctors examine Vincent to determine the existence and extent of her alleged injuries would likely lead to relevant evidence. Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable. *In re United Healthcare Ins. Co.*, 652 S.W.3d 458, 461 (Tex. App.—San Antonio 2022, orig. proceeding) (relying on Tex. R. Evid. 401). Vincent alleges injuries stemming from the accident, has presented pertinent medical records as evidence, and intends to use expert medical testimony to support her allegations; her injuries are unquestionably in controversy. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding); *In re Progressive Cnty. Mut. Ins. Co.*, No. 02-25-00527-CV, 2025 WL 32545831, at *2 (Tex. App.—Fort Worth Nov. 21, 2025, orig. proceeding) (mem. op.).

Club Car met the first element.

4

## B. THERE IS A REASONABLE NEXUS BETWEEN the EXAMINATION AND THE CONDITION IN CONTROVERSY.

Club Car's proposed doctors wanted to examine Vincent on the injuries alleged in her medical expert's report. Thus, the examinations have a nexus to the alleged injuries. *See Progressive Cnty. Mut. Ins. Co.*, 2025 WL 32545831, at *3.

Club Car met the second element.

## C. THE DESIRED INFORMATION CANNOT BE OBTAINED BY LESS INTRUSIVE MEANS.

Vincent argues that the least intrusive means to obtain the desired information is for Club Car to rely on the information that her own doctor provided. We disagree. In every case, the least intrusive means would be to have the defendants' doctors rely on the information provided by the plaintiff's doctor. But the defendants' doctors would not necessarily want to rely exclusively on information provided by another doctor—disinterested or otherwise. *See id.*

The Texas Supreme Court has rejected this argument because it places defendants at a severe disadvantage. "[R]equiring the defendant's expert to testify at trial without the exam would place him at a distinct disadvantage because it would allow the plaintiff to call into question his credibility in front of the jury." *Sherwin-Williams Co.*, 668 S.W.3d at 371; *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding); *H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 304. "[A] treating doctor [is] in a better position than a records-review doctor to examine and

opine on the plaintiff's alleged injuries." *Auburn Creek Ltd. P'ship*, 655 S.W.3d at 842–43.

Vincent faults Club Car's two supporting affidavits as being conclusory. In the neuropsychologist's affidavit, the doctor said reviewing Vincent's medical records was not sufficient: "The evaluation that I seek to conduct will provide me with information that is not available solely from a review of Ms. Vincent's medical records." The other doctor, who was retained to evaluate medical causation and damages issues, including Vincent's Complex Regional Pain Syndrome diagnosis, pain, pain management, and recommendations for future treatment, essentially repeated this assertion in his affidavit: "Without such an examination, my ability to render a reliable, evidence-based opinion is significantly limited, and the defendants will be deprived of critical diagnostic information necessary to rebut the plaintiff's damages-related claims." In view of the supreme court authority cited above, these statements are sufficient. *See Progressive Cnty. Mut. Ins. Co.*, 2025 WL 32545831, at *3.

A great deal of the adversarial process stops being adversarial when only one party is allowed to present its case. *See generally In re Abbott*, 628 S.W.3d 288, 298 (Tex. 2021) (orig. proceeding) ("The district court reached this conclusion based on an ex parte presentation from Plaintiffs, not based on the adversarial process on which our legal system depends for the resolution of such questions."). Factfinders should be able to consider all the competing evidence supported by otherwise admissible expert testimony. *State v. Windham*, 837 S.W.2d 73, 78 (Tex. 1992). Here, the trial court's

order handicaps Club Car from determining for itself the nature and extent of Vincent's injuries and from providing competing evidence. *See Sherwin-Williams Co.*, 668 S.W.3d at 371; *Auburn Creek Ltd. P'ship*, 655 S.W.3d at 843; *H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 304.

## V. CONCLUSION

We hold that the trial court abused its discretion and that Club Car does not have any other adequate remedy at law. *See Sherwin-Williams Co.*, 668 S.W.3d at 372; *Auburn Creek Ltd. P'ship*, 655 S.W.3d at 843–44; *H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 305. We conditionally grant Club Car's petition for writ of mandamus. We direct the trial court to vacate its July 17, 2025 order denying Club Car's motion to compel a medical examination under Rule 204.1 of the Texas Rules of Civil Procedure and its September 19, 2025 order denying Club Car's motion to reconsider and to issue an order compelling Vincent to submit to the examinations on reasonable and appropriate terms and conditions. Our writ will issue only if the trial court does not comply.

/s/ Brian Walker

Brian Walker
Justice

Delivered: November 25, 2025

7